IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-00011-WS |
| ) | |
| PEDRO PEREZ-HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter comes before the Court on defendant's Motion to Withdraw Plea of Guilty (doc. 33).[1] The Motion has been briefed and is now ripe for disposition.

**I. Background.**

On January 27, 2011, an Indictment handed down in this District Court charged the defendant, Pedro Perez-Hernandez, with the offense of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] Perez-Hernandez retained experienced defense counsel, James Byrd, Esq., to represent him in this matter. On June 8, 2011, Byrd filed a Notice of Intent to Plead Guilty (doc. 15) on his client's behalf.

---

[1] The Court also considers defendant's *pro se* filing (doc. 47) that purports to be an amended iteration of the Motion, even though defendant is represented by appointed counsel who filed the original Motion and a supporting brief.

[2] According to the Government's evidence, Perez-Hernandez's offense conduct related to a November 7, 2009 shooting in which both the victim and witnesses identified Perez-Hernandez as the man who fired a shot from a handgun, striking the victim in the abdomen. A subsequent search (pursuant to search warrant) of Perez-Hernandez's residence resulted in seizure of a .25 caliber Tangoglio pistol, and Perez-Hernandez admitted following his arrest that he had shot the victim with a firearm, albeit in self-defense. The Government's evidence also showed that Perez-Hernandez had been convicted of a felony drug charge in Cameron County, Texas in January 1989, such that he was forbidden by federal law from possessing a firearm. (That offense was possession of marijuana, which may be either a felony or a misdemeanor under Texas law; however, given that Perez-Hernandez received a 10-year sentence, it was obviously a felony.) In a presentence interview by the U.S. Probation Office following entry of his guilty plea, Perez-Hernandez stated that he had possessed the gun, that he was protecting himself, and that he was sorry.

A guilty plea hearing was conducted before the undersigned on June 17, 2011. With Byrd at his side, Perez-Hernandez attended that hearing and, after a lengthy colloquy, entered a plea of guilty to the § 922(g)(1) charge.[3] During that hearing, Perez-Hernandez was placed under oath, after which he made the following statements and representations: (i) he agreed that he had reviewed the Indictment with Byrd and that he fully understood the charges against him; (ii) he acknowledged that he was fully satisfied with the representation he had received from Byrd, and that he had fully discussed with Byrd the facts surrounding the charge; (iii) he admitted having signed the Plea Agreement, and further acknowledged that he had had an opportunity to read and review it with counsel, that he fully understood its terms and conditions, and that he agreed with it; (iv) he denied that anyone had attempted to force him to plead guilty, or to pressure or threaten him in any way; (v) he understood that he faced a maximum term of imprisonment of 10 years, a fine of up to $250,000, a supervised release term of up to three years, and a special assessment of $100; (vi) he agreed that Byrd had discussed with him how the Sentencing Guidelines might affect his case; (vii) he acknowledged that this Court has authority to impose a sentence more or less severe than that called for in the Guidelines; (viii) he indicated his understanding that he would be bound by his guilty plea even if he did not like the sentence ultimately imposed; (ix) he professed understanding of his jury trial rights, and of the reality that entering a guilty plea would waive those rights; (x) he stated that he understood the elements of the § 922(g)(1) offense to which he was pleading guilty; (xi) he agreed that he had in fact committed the acts specified in the Factual Resume; and (xii) he entered a plea of guilty to the § 922(g)(1) charge. (*See* doc. 37.)

---

[3] Antecedent to the hearing, Perez-Hernandez executed a Plea Agreement and Factual Resume. (*See* doc. 18.) The Plea Agreement placed Perez-Hernandez on notice that "the statements he makes under oath in the plea of guilty must be completely truthful," and included representations by defendant that he "has had the benefit of legal counsel" in negotiating the agreement, reviewing the facts and legal elements of the charges, and discussing the Government's evidence. (Doc. 18, at 2.) Perez-Hernandez further acknowledged in that Plea Agreement that his guilty plea was "freely and voluntarily made" and that "he is pleading guilty because he knows that he is guilty." (*Id.* at 3.) Defendant's signature block of the Plea Agreement included the following statement: "I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this agreement, and I voluntarily agree to it." (*Id.* at 7.) Perez-Hernandez signed the Plea Agreement on June 17, 2011.

This case was set for sentencing hearing on October 19, 2011. At that hearing, this Court granted Perez-Hernandez's request that Byrd be discharged from further representation of him. This ruling was based in part on Byrd's statement during the hearing that Perez-Hernandez "does not want to believe anything that I say and doesn't want me to speak for him." (Doc. 37-1, at 3.) The sentencing hearing was continued to allow for appointment of new counsel. On October 20, 2011, after defendant filed a financial affidavit, the undersigned appointed another seasoned criminal defense attorney, Richard Alexander, Esq., to represent Perez-Hernandez in this matter, and reset the sentencing hearing for November 29, 2011. (*See* doc. 31.)

On November 28, 2011, Alexander filed a Motion to Withdraw Plea of Guilty at his client's instruction. (*See* doc. 33.) As grounds for that request, defendant stated that he "is adamant that he did not receive proper information prior to entering his plea nor did he understand same. The Defendant is adamant that he felt as though he had no choice and acted under duress." (Doc. 33, ¶ 2.) The next day, the Court entered an Order (doc. 34) requiring Perez-Hernandez to supplement his Motion as follows:

> "As defendant is well aware, all of these topics were fully covered in the Rule 11 colloquy before the undersigned accepted his plea. If defendant now wishes to renounce the responses he gave under oath at the guilty plea hearing, he must explain in detail why. Mere conclusory statements about not receiving proper information, not understanding, and having no choice are diametrically opposite to his sworn statements at the guilty plea hearing. … [T]he Court will not reflexively grant him a hearing absent some reason to believe that such would be constructive. Accordingly, defendant is **ordered** to supplement his motion … with specific details to support the generalities in his motion. This supplement … ***must explain not only how defendant contends his previous counsel was deficient at the guilty plea stage but also why defendant answered falsely during the Rule 11 colloquy***."

(Doc. 34, at 2 (emphasis added).)

In response to the November 29 Order, defendant filed three handwritten *pro se* documents (even though he is represented by counsel) as well as a fourth typewritten document prepared by his current lawyer.[4] The first *pro se* response, filed on December 5, 2011, merely

---

[4] Criminal defendants have no right to hybrid representation. *See generally United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987) ("It is the law of this circuit that the right to counsel and the right to proceed *pro se* exist in the alternative …."). Although this Court ordinarily does not consider *pro se* submissions by defendants who are represented by appointed
(Continued)

-3-

accused Byrd of unspecified "Duress and Coersion [*sic*]." (Doc. 40.)  In his second *pro se* response, received by the Clerk of Court on December 12, 2011, Perez-Hernandez wrote that he "feels he had insufficient counsel and was not clear on charge and details of the charge," that he signed the plea agreement documents under unspecified "duress and coersion [*sic*] by defense attorney," that he is dissatisfied that Byrd did not give him a copy of the Presentence Investigation Report prior to the sentencing hearing, and that the five-month delay in his request to withdraw the guilty plea was because he did not have his attorney's telephone number or the Clerk of Court's address.  (Doc. 44, at 1-2.)  The response elaborated that Perez-Hernandez wants to withdraw his guilty plea because he harbors a "strong belief" that he is innocent and "another attorney" showed him something in a "law-book" about his 1989 conviction.  (*Id.* at 3.)  According to Perez-Hernandez, it was "great stupidity" for him to waive his rights, and "the only reason is not enough information, whatsoever on behalf of ex-defense attorney."  (*Id.*)  He explains that he answered the questions as he did during the guilty plea hearing because "I felt that I didn't have no choice."  (*Id.* at 4.)  In his third *pro se* response, received for filing on December 23, 2011, Perez-Hernandez again professed innocence, stated without explanation or elaboration that "I felt that I did not have no choice but signed the pleading guilty," and complained that he "was not provided information of the up come [*sic*] of the event."  (Doc. 47, at 1.)

As for defense counsel's response filed on December 21, 2011, counsel stated that after a lengthy face-to-face meeting with Perez-Hernandez (in which the two reviewed all pertinent documents), Perez-Hernandez informed counsel "that he wished to rely upon the statements as he has previously filed with the Court and, at that time, file nothing further."  (Doc. 46, at 2.)  Counsel further stated that Perez-Hernandez contends that he is innocent because "he did not possess the gun in question," that he now "regrets" his guilty plea, and that he entered a plea of guilty because "he was confused and scared to go against his prior attorney's advice."  (*Id.* at 3.)  Defense counsel requested a hearing to afford Perez-Hernandez "an opportunity … to address the Court under oath to support his position."  (*Id.*)

---

counsel, in its discretion the undersigned will do so here, so that all information defendant wishes to present on this issue is fully and fairly weighed.

**II.     Analysis.**

Defendant's Motion is governed by Rule 11(d) of the Federal Rules of Criminal Procedure, which provides that a defendant may withdraw a plea of guilty "after the court accepts the plea, but before it imposes sentence if … the defendant can show a fair and just reason for requesting the withdrawal."  Rule 11(d)(2)(B), Fed.R.Crim.P.  This rule is to be liberally construed; however, "a defendant enjoys no absolute right to withdraw a guilty plea before sentencing."  *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996) (citation omitted).  "A defendant-movant clearly has the burden on a motion to withdraw a guilty plea." *United States v. Izquierdo*, 448 F.3d 1269, 1176 (11th Cir. 2006); *see also United States v. Johnson*, 89 F.3d 778, 784 (11th Cir. 1996) ("the defendant has the burden of showing a fair and just reason for withdrawal of his plea") (citation omitted).[5]

"In determining whether the defendant has met his burden to show a fair and just reason, a district court may consider the totality of the circumstances surrounding the plea." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (citing *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988)); *see also Johnson*, 89 F.3d at 784 (similar).  This inquiry into the totality of the circumstances includes such factors as "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources

---

[5]     Perez-Hernandez has requested a hearing on his Motion.  There is no *per se* entitlement to a hearing on such motions, particularly where (as here) an extensive Rule 11 inquiry was conducted before the court accepted defendant's guilty plea in the first place.  *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986) ("In light of the extensive Rule 11 inquiries which the trial court made before accepting appellant's plea, we do not believe that its refusal to conduct an evidentiary hearing amounts to an abuse of discretion."); *United States v. Pendas-Mechado*, 2010 WL 1408254, *2 (11th Cir. Apr. 9, 2010) ("where the district court conducts an extensive Rule 11 inquiry before accepting the plea, its refusal to conduct an evidentiary hearing does not amount to an abuse of discretion").  An additional factor that militates against granting a hearing in this case is that the November 29 Order notified Perez-Hernandez that supplementation of his Motion was necessary to expound upon its conclusory statements, and cautioned him that he would not receive a hearing unless he made a threshold factual showing in specified areas.  He has not met that threshold.  Furthermore, the Court has received and considered no fewer than four written responses to that November 29 Order, three authored by Perez-Hernandez himself and one by his appointed attorney.  The Court has given defendant abundant opportunity (with the aid of his appointed counsel) to flesh out a record basis for his accusations of inadequate former counsel and his wholesale contradiction of his statements under oath at the June 17, 2011 guilty plea hearing.  As such, no evidentiary hearing is necessary or would be constructive to the adjudication of his Motion to Withdraw Guilty Plea.

would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Brehm*, 442 F.3d at 1298 (citing *Buckles*, 843 F.2d at 472); *see also United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003) (similar).

The cornerstone of defendant's Motion is his repeated insistence, in conclusory terms, that his prior retained counsel (Byrd) subjected him to "Duress and Coersion [*sic*]" in connection with his guilty plea. There are at least two glaring problems with this argument. First, defendant labels Byrd's actions as coercive, without ever specifying what he did or said that Perez-Hernandez contends placed him under duress to plead guilty. The November 29 Order admonished defendant that, to establish a "fair and just reason" for withdrawing his guilty plea, he must do more than bandy about inflammatory labels and conclusory accusations, but must instead explain in detail what he says Byrd did or did not do to force him to plead guilty against his will. Perez-Hernandez has not made such a showing.[6] Second, the undersigned specifically asked defendant about duress and coercion during the Rule 11 plea colloquy. Under oath, Perez-Hernandez answered, "No, sir," when asked, "has anyone attempted in any way to force you to plead guilty or to pressure you or threaten you in any way?" (Doc. 37, at 11.) "There is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Stated differently, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988); *see also United States v. Luczak*, 2010 WL 780459, *2 (11th Cir. Mar. 9, 2010) (similar); *United States v. Ross*, 2005 WL 2185543, *2 (11th Cir. Sept. 12, 2005) ("the district court was within its authority to discredit any allegations that Ross's counsel was ineffective which were contrary to the statements he made under oath at the plea hearing"). Defendant has not overcome that presumption here, inasmuch

---

[6] At best, defendant's present lawyer explains his client's position that he entered a plea of guilty because "he was confused and scared to go against his prior attorney's advice." (Doc. 46, at 3.) But that circumstance, without more, does not equate to duress or coercion. Nor is it an unknowing or involuntary guilty plea. Virtually every criminal defendant who pleads guilty before the undersigned is anxious, worried or afraid. This is entirely normal. After all, waiving one's right to a jury trial and admitting guilt is a serious, weighty, solemn act bearing considerable short-term and long-term consequences. And merely saying that Perez-Hernandez was "confused" conveys nothing, absent an explanation (which has not been furnished) of the nature and source of the confusion, and the impact (if any) it had on his decision to plead guilty.

as he has offered no colorable explanation for why he denied experiencing pressure or coercion at the guilty plea hearing, only to insist now that the converse was true.

Nor does defendant demonstrate a "fair and just reason" for withdrawal of his plea through vague accusations that he had "insufficient counsel," that he "was not clear on charge and details of the charge" to which he pled guilty, that he "was not provided information" and that he had "not had chance to discuss every thing with the attorney and need more time." (Docs. 44, 47.) Byrd is an experienced and capable criminal defense attorney who has practiced in this District Court on a regular basis for many years. Perez-Hernandez cannot withdraw his plea merely by branding Byrd "insufficient" or "ineffective," without explaining in detail what he thinks Byrd did or failed to do in that regard. He has not provided the requisite specifics.

More importantly, defendant's suggestions that Byrd did not discuss everything with him and that he did not understand the charges are irreconcilable with his statements under oath at the guilty plea hearing. When the undersigned asked Perez-Hernandez whether he was "fully satisfied with the representation that you've received from your attorney in this case, and have you fully discussed with your attorney all of the facts surrounding the charge," Perez-Hernandez answered, "Yes, I did." (Doc. 37, at 9.) Defendant has provided the Court with nothing that would overcome the strong presumption that his statement under oath at the guilty plea hearing was true.[7] Furthermore, despite multiple opportunities and express invitation to do so, Perez-Hernandez has failed to provide any specifics in support of his Motion as to what information he claims to have been deprived of, what misunderstandings he had concerning the offense to which he was pleading guilty, what topics he contends he did not have time to discuss with his attorney,

---

[7] Perez-Hernandez's assertions that he "was not clear on charge and details of the charge" (doc. 44, at 1) and that he had "not had chance to discuss every thing with the attorney" (*id.* at 3) before pleading guilty to it are demonstrably false in several respects. First, detailed information about the § 922(g)(1) charge is set forth in writing in the Plea Agreement, which Perez-Hernandez signed, with specific representations that "I have consulted with my counsel and fully understand all my rights with respect to the offense(s) charged in the Indictment pending against me. I have read this Plea Agreement and carefully reviewed every part of it with my attorney." (Doc. 18, at 7.) Second, defendant acknowledged under oath during the Rule 11 colloquy that he had received the Plea Agreement, had an opportunity to review it with his attorney, and that he fully understood it. (Doc. 37, at 10-11.) Third, this Court specifically advised Perez-Hernandez of the elements of the § 922(g)(1) offense to which he was pleading guilty, and Perez-Hernandez answered, "Yes, I do" when asked if he understood that those were the elements of the offense to which he pleading guilty. (*Id.* at 20.)

or how he believes his attorney let him down. And of course, Perez-Hernandez has offered no coherent explanation for why he now disavows all of his responses under oath at the guilty plea hearing, when he assured this Court that he was satisfied with counsel, that he understood the charges and the plea agreement, that he had had a full opportunity to discuss the matter with his attorney, and that he wished to plead guilty.[8]

Confronted with similar fact patterns, the Eleventh Circuit has concluded that the trial court did not abuse its discretion by denying a defendant's request to withdraw his guilty plea. *See generally United States v. Clayton*, 2011 WL 5555821, *1 (11th Cir. Nov. 15, 2011) (defendant received close assistance of counsel where, during plea colloquy, defendant "confirmed that he had discussed the charges, plea agreement, and guidelines with his lawyer, had been given adequate time to consult with his lawyer, and was satisfied with his lawyer's representation," and had not "overcome the strong presumption that statements made during the plea colloquy are true"); *United States v. Price*, 2005 WL 1600420, *2 (11th Cir. July 8, 2005) (no abuse of discretion in denying motion to withdraw guilty plea where plea hearing transcript "makes clear that the district court went through Price's rights with him, that Price understood

---

[8] Perez-Hernandez's only explanation for his statements during the plea colloquy is that "I felt I didn't have no choice." (Doc. 44, at 4.) Such a blanket statement is wholly insufficient. Defendant offers no indication of <u>why</u> he believed he did not have a choice, particularly where the Court was instructing him otherwise. Having to make a difficult, unenviable decision is not the same thing as not having a choice at all. Besides, a critical purpose of the Rule 11 colloquy is to discern whether the defendant is acting knowingly and voluntarily in pleading guilty. Defendant had numerous opportunities during that hearing to interrupt, terminate or postpone the plea; to alert the Court to any reservations he might have; or to express any coercion or confusion he might be feeling. The Court told him in no uncertain terms during that hearing that he did have a choice, but that "[t]he time to make that decision [not to plead guilty] is now." (Doc. 37, at 17.) Having made his choice to enter a guilty plea, after being fully advised in the premises thereof during an extensive Rule 11 plea colloquy, Perez-Hernandez cannot undo it simply because on further reflection he has second thoughts or misgivings. Also, defendant insinuates that his plea colloquy was flawed because Byrd answered for him on one occasion. (Doc. 44, at 4.) Careful review of the record reflects no such thing. Byrd's only statements on the record were that the defense was ready, that to the best of his knowledge Perez-Hernandez was competent to enter a valid plea, that the statutory maximum punishment was 10 years, that he was unaware of any reason why the Court should not accept his client's guilty plea, and that a 90-day period for preparation of the PSR should be sufficient. (*See* doc. 37.) None of Byrd's actions in the hearing constituted improper responses on behalf of his client.

those rights, that Price was satisfied with his counsel, and that – despite any factual disputes – Price persisted in pleading guilty" and where hearing transcript included defendant's confirmation "that he had consulted his counsel about how to proceed and that he had been 'extremely' satisfied with his counsel's representation").

In short, based on the extensive Rule 11 guilty plea colloquy, which defendant has not rebutted or impugned, the Court finds that Perez-Hernandez received close assistance of counsel and that his plea was knowing and voluntary. These factors alone are sufficient to warrant denial of the Motion to Withdraw Guilty Plea. *See, e.g., United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (where defendant received close and adequate assistance of counsel, and entered plea knowingly and voluntarily, court does not give particular attention or weight to factors of whether judicial resources are conserved or government would suffer prejudice); *United States v. Scott*, 2010 WL 3860581, *2 (11th Cir. Oct. 5, 2010) ("we give little weight to the third and fourth *Brehm* factors when a plea was knowingly entered with assistance of counsel"). In any event, allowing Perez-Hernandez to withdraw his guilty plea would not conserve judicial resources and would force the Government to commence preparations anew for a trial in a case that has been removed from the trial calendar for more than half a year because of defendant's guilty plea. Those factors, too, favor denial of the Motion.

One other consideration is relevant, to-wit: Timing. "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Ross*, 2005 WL 2185543, at *3 (citing *Buckles*, 843 F.2d at 473); *see also Gonzalez-Mercado*, 808 F.2d at 801 ("the time between entry of the plea and motion to withdraw the plea may be indicative of defendant's motivation," with a swift change of heart suggesting that the initial plea was entered in haste or confusion). Perez-Hernandez entered his guilty plea on June 17, 2011, yet he did not seek leave to withdraw that plea until five months later.[9] The timing in itself casts considerable doubt on the validity of defendant's

---

[9] The delay is particularly suspect given that in previous correspondence to the Court dated September 25, 2011, Perez-Hernandez said not a word about wishing to withdraw his guilty plea, but instead complained that Byrd had not visited him in jail after the guilty plea as frequently as he wished and had not handled a property release form for him, and asked to have another attorney at sentencing. Surely, if Perez-Hernandez felt he had been coerced into pleading guilty, he would have said so in that September 25 correspondence. Instead, the first
(Continued)

motivations in seeking to withdraw his guilty plea, and suggests that his true motive is dissatisfaction with the guidelines sentence range recommended in the Presentence Investigation Report.[10] This is not a permissible ground for withdrawing a guilty plea. *See Gonzalez-Mercado*, 808 F.2d at 801 (observing that defendant cannot "use the guilty plea as a means of testing the weight of the potential sentence") (citation omitted).

### III. Conclusion.

For all of the foregoing reasons, the Court concludes that Perez-Hernandez has not satisfied his burden of showing a fair and just reason for withdrawal of his guilty plea. The undersigned accepted his guilty plea on June 17, 2011, after a searching inquiry of the Rule 11 concerns at a change of plea hearing attended by Perez-Hernandez and his able counsel. The guilty plea was knowing, voluntary, and entered with close assistance of counsel. Five months later, defendant asked the Court to disregard all of his answers under oath at that hearing (in derogation of the finality of entry of guilty pleas), based on undeveloped, skeletal accusations of coercion, duress, lack of information, confusion, and so on. When pressed to provide factual elaboration on these conclusory labels, defendant declined. As such, he has not met his burden.[11]

---

time Perez-Hernandez sought to withdraw his plea was after publication of the Presentence Investigation Report on October 11, 2011.

[10] In an effort to explain the lengthy delay between his plea of guilty and his pursuit of the Motion to Withdraw Guilty Plea, Perez-Hernandez protests that he did not have the "address of court house, that's why it took this long." (Doc. 44, at 2.) Defendant's own conduct belies this explanation. He wrote several letters to this Court beginning in September 2011, so clearly he did have the correct address well before he actually sought to withdraw the plea.

[11] The Court notes that Perez-Hernandez's submissions repeatedly emphasize his belief that he is innocent of the § 922(g) charge. Whether a defendant does or does not have a viable defense to the charges is not part of the *Buckles / Brehm* inquiry under Rule 11(d)(2). Nonetheless, any argument of innocence would be dubious, indeed, given what appears to be compelling evidence of guilt. As described *supra*, the Government's evidence is that (i) Perez-Hernandez was convicted of a drug felony in Texas in 1989 (with the felony character of the offense confirmed by the 10-year sentence imposed), and (ii) he possessed a firearm on November 7, 2009, as evidenced by eyewitness testimony that he shot a victim with said firearm on that date, a search of his residence that resulted in seizure of the firearm by law enforcement officers, and defendant's post-arrest confession that he had shot the victim because he feared for his own safety. On this forecast of evidence, defendant's protestations that he never possessed the gun or that the 1989 conviction should not count appear vanishingly weak.

For all of these reasons, defendant's Motion to Withdraw Plea of Guilty (doc. 33) and supplemental Motion (doc. 47) are **denied**.

DONE and ORDERED this 5th day of January, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE