# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 11-0011-WS-M |
| ) | |
| PEDRO PEREZ HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes before the Court on defendant's filing styled "Motion to Press Charge of Unreturnable/Mishandle Property" (doc. 88).

On two previous occasions, defendant has petitioned the Court for assistance in obtaining the return of his wallet (containing $59 cash, Social Security card, driver's license, permanent residence card, a debit card, and some business cards) from agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, and/or agents from the U.S. Marshal's Service. Defendant claims the agents took his wallet when they arrested him, and never gave it back. As the undersigned has already explained to him in a pair of Orders (docs. 82, 86), upon inquiry by the U.S. Attorney's Office, the agents have unequivocally indicated that they do not have and never had the subject personal items in their possession. Moreover, conducting an evidentiary hearing in this criminal action to gauge the credibility of defendant, his purported eyewitness, and the agents would accomplish nothing. Even if this Court were to accept defendant's version of the facts as true following a hearing, he would have no remedy in this criminal proceeding for the obvious reason that this Court cannot order the agents to produce property that they do not have.

Defendant continues to press the point in his latest Motion. Apparently, defendant thinks the agents are lying and wants "to ask to United States District Attorney … what or how is going to proceed in this matter." (Doc. 88, at 2.) Defendant also asks that the Court to "suggest what venue to proceed on this matter." (*Id.*) This Court cannot and will not compel the United States Attorney's Office to bring charges against the agents on defendant's say-so. If defendant wishes to pursue this matter criminally, it is his responsibility to contact appropriate prosecutorial authorities. Nor can this Court provide legal advice to defendant concerning civil or

administrative remedies that may be available to him against the agencies or agents whom he believes converted or lost his property.  Besides, it bears emphasis that this is a concluded criminal case.  Applicable federal law does not enable a defendant to transform a completed criminal proceeding into civil litigation over allegedly converted property (at least, where as here, there is no ancillary forfeiture proceeding).  Simply put, this case is about defendant being charged, convicted and sentenced for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Those issues having been litigated to conclusion here and on appeal, defendant cannot now engraft separate, unrelated civil claims for loss or conversion of personal property onto this completed action.

For all of the foregoing reasons, defendant's Motion to Press Charge of Unreturnable/ Mishandle Property (doc. 88) is **denied**.

DONE and ORDERED this 4th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE